Mr. Justice Thacher
delivered the opinion of the court.
Chaplain, administrator of Chaplain, instituted an action in the Claiborne county circuit court against Briscoe, upon his two promissory notes, dated February 8, 1832, and payable January 1, 1838, one for the sum of $609, and the other for the sum of $366-66. These notes were each the last of two series of notes given by Briscoe to Conger for the purchase money of two tracts of land. The deeds of these tracts contained the admission that Conger had not “a complete or sufficient title to a portion of the land” conveyed thereby, and covenants by Conger to remit to Briscoe, at the time when the last payment in each case should become due, so much per acre as he was unable “ to show a complete title to; ” in the first instance at the rate of nine dollars per acre, and in the second at the rate of five dollars per acre. Each deed contained a general warranty. Briscoe sold the land for a consideration, which was fully paid, but did not make a deed or warrant the title to the purchaser, Grissom, but sold it upon an agreement that he should assign to Grissom, Conger’s deed, which he did by an indorsement upon Conger’s deed, assigning the same and all his right and title thereto to Griscom. The plaintiff’s intestate, in this case, is the indorsee of the payee of the notes sued upon.
The main question now is, whether Briscoe can, after the above-described assignment, to Grissom, defend himself against the notes upon the ground of a failure of consideration, by virtue of the stipulations in Conger’s deeds that he would deduct pro rata from the notes last to become payable, in case he failed to show full title to the lands when the last payment of notes became due. This must depend upon the legal effect of those *382 stipulations, or upon the effect of the assignment of Briscoe to Grissom, or both.
By the stipulations in the deed, Conger was to make deductions in the event he failed to perfect a title to all the land conveyed by the deed when the last notes became due. This gave Briscoe a-right to defend himself upon the ground of a failure of consideration, and this right exists to him against the notes in the hands of any assignee of Conger. The covenants are personal. Conger must show a complete title to the land before he can recover the amounts sued upon. It was a part of the contract of sale, and the warranty in the deed cannot take away Briscoe’s right under that contract. The assignment to Grissom was not a waiver of the right reserved to Briscoe. It was not a thing that could pass to Grissom. Briscoe’s right stands precisely as it did before his assignment of his right and title in the deed from Conger.
But we think the deed from Conger to T. Briscoe was not sufficiently proved. The names of the persons in the usual place of subscribing witnesses to a deed are not mentioned in the deed as either grantors or grantees, and they most fairly may be deemed to be witnesses to the instrument. They should have been produced, or their absence accounted for legally.
On account of this defect in the evidence, the judgment must be reversed, and the cause remanded for new trial.